IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA A. SMITHERMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-959-MEF |
| | ) | |
| U.S. FOOD AND DRUG ADMINISTRATION CENTER FOR FOOD SAFETY AND APPLIED NUTRITION, *et al.,* | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On 5 December 2009, Plaintiff filed a Complaint (Doc. #1) against Defendants alleging wrongful death. On 5 January 2009, the District Court granted Defendants' motion to extend the time to file an answer and, pursuant to 28 USC 636(b)(1), referred the matter to the undersigned Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. (Doc. #13). Rather than file an answer, Defendants each filed Motions to Dismiss. *See* (Docs. #28, 31, 33, & 38).[1] In response, Plaintiff filed Motions to Strike the Motions to Dismiss.[2] (Docs. #40 & 41).

For the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that

---

[1] Government Defendants U.S. Food and Drug Administration/Center for Food Safety and Applied Nutrition and Centers for Disease Control and Prevention filed a joint Motion to Dismiss. (Doc. #38).

[2] Plaintiff did not provide a proper basis to strike Defendants' Motions. The Court has construed Plaintiff's Motions to Strike as Responses to the Motions to Dismiss.

the Motions to Dismiss (Docs. #28, 31, 33, & 38) be GRANTED; Plaintiff's Motions to Strike (Doc. #40 & 41) be DENIED; and that this case be DISMISSED.

## I. BACKGROUND

This case centers around the tragic death of Plaintiff's daughter, on 28 October 2007, from Metastatic Osteosarcoma. Plaintiff files this wrongful death suit against two agencies of the federal government, the U.S. Food and Drug Administration/Center for Food Safety and Applied Nutrition (FDA), Centers for Disease Control and Prevention (CDC),[3] and three not-for-profit associations,[4] the American Dental Association (ADA), the American Academy of Pediatrics (AAP), and the American Academy of Pediatric Dentistry (AAPD). Plaintiff alleges that Defendants violated "Federal Food & Drug Laws and their Mission Statements" when they "mislead health-care professionals and the public by insisting without proof that 'over-exposure' to Fluoride will not put children's health at risk" and acted negligently when they "allowed, recommended and/or promoted the use of an 'illegal' prescription drug (Dietary Fluoride Supplements) for children living in nonfluoridated communities." *See* Complaint (Doc. #1 at 1-2).

All Defendants filed motions to dismiss. *See* (Docs. #28, 31, 33, & 38). The Associations moved to dismiss on several grounds, including challenging this Court's exercise of personal jurisdiction. *See* (Docs. #28, 31, &33). The Agencies moved to dismiss

---

[3] For the purposes of this suit, these defendants shall be known jointly as "the Agencies."

[4] For the purposes of this suit, these defendants shall be known collectively as "the Associations."

2

based on sovereign immunity. *See* (Doc. #38)  First, the Court will address collectively the Motions to Dismiss filed by the Associations.  Second, the Court will address the Motion filed by the Agencies.

## II.   DISCUSSION

### A. The Associations

The Associations challenge this Court's exercise of personal jurisdiction. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction. Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (internal citations omitted).

Plaintiff asserts this Court may exercise subject matter jurisdiction over the Associations through diversity.[5]  "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause

---

[5] Plaintiff invokes the jurisdiction of this Court by alleging both federal question claims and diversity.  Liberally construing Plaintiff's complaint, it is clear that the federal question claims apply to the Agencies and diversity is invoked against the Associations.  Accordingly, Rule 4(k)(2)'s allowance of "a federal district court to exercise personal jurisdiction over a foreign defendant when (1) the claim at issue arises under federal law, and (2) exercising jurisdiction is consistent with the Constitution and laws of the United States," *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 (11th Cir. 2009), is not applicable here.

of the Fourteenth Amendment to the United States Constitution." *Id*. at 1274 (citing *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005)).

Alabama's long-arm statute extends the personal jurisdiction of Alabama courts to the limits of due process under the federal constitution and the Alabama constitution. *Sieber v. Campbell*, 810 So. 2d 641, 645 (Ala. 2001). Thus, the inquiry in step one is the same as in step two: whether the assertion of personal jurisdiction comports with the Due Process requirements of federal law.

There are two types of personal jurisdiction, general and specific. Plaintiff has asserted neither, but the Court will address both.

### (1) *Specific Jurisdiction*

"Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "[S]pecific jurisdiction is proper where (i) the defendant's contacts with the forum state are related or give rise to the plaintiff's cause of action, (ii) the contacts involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, and (iii) the defendant's contacts with the forum are such that the defendant should reasonably anticipate being haled into court there." *Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056, 1060 (S.D. Ala. 2007).

The Associations generally make the same arguments to support their assertion that

Plaintiff cannot establish specific jurisdiction. The Associations point out that Plaintiff has failed to show any interaction between her daughter and the Associations, or the medical care provider who prescribed the fluoride supplements. The Associations also argue Plaintiff has not shown that her daughter or the health care provider relied on, or were even aware of, any public pronouncements regarding fluoride made by the Associations.

A very similar issue was decided by the district court in *Murphy v. Aventis Pasteur, Inc.*, 270 F. Supp. 2d 1368 (N.D. Ga. 2003). In *Murphy*, the plaintiff sued the ADA (and other defendants), "alleging that her child suffer[ed] from the effects of heavy metal poisoning, specifically mercury poisoning, due to the conduct of the defendants." *Id*. at 1371. The district court in Georgia held that the ADA was not subject to the personal specific jurisdiction of the court,[6] stating:

> In light of the above standards, the court finds that the ADA is not subject to the personal jurisdiction of this court. The plaintiff does not sufficiently allege that the ADA either manufactured or sold the dental amalgams she allegedly received. Neither has she alleged that her treating dentist was a member of the ADA or was in any manner influenced by the ADA at the time the amalgams were installed. Upon careful review, it does not appear that the ADA is alleged to have directly participated in any manner in the chain of events that led to the dental amalgams being installed in the plaintiff. Accordingly, the court finds that the ADA is not subject to specific jurisdiction.

*Id*. at 1379.

This Court finds the holding of the *Murphy* court persuasive. Here, Plaintiff does not sufficiently allege that the Associations either manufactured or sold flouride, or that her

---

[6] Georgia's long-arm statute is identical to that of Alabama's.

5

daughter's treating dentist or physician was a member of any of the Associations, or in any manner influenced by the Associations at the time any fluoride was taken. Upon careful review, it does not appear that the Associations are alleged to have directly participated in any manner in the chain of events that led to the tragic death of Plaintiff's daughter. Accordingly, the Court finds that Plaintiff has failed to establish any of the three elements required for the exercise of specific jurisdiction.

### (2) *General Jurisdiction*

General jurisdiction arises from the defendant's contacts with the forum that are not directly related to the cause of action being litigated. *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Consolidated Development Corp.* 216 F.3d at 1292.

Again, the Associations' arguments are nearly identical on this issue. The Associations allege:

> (1) they are not-for-profit corporations organized under the laws of another state and have never been incorporated in Alabama;
> (2) they have no offices, employees, mailing addresses, bank accounts, telephone listings, or telephone service in Alabama;
> (3) they do not have an agent for service of process in Alabama;
> (4) they neither own nor lease any real or personal property in Alabama;
> (5) they do not accredit dental schools in Alabama;
> (6) they are voluntary organizations;
> (7) they cannot grant, revoke or suspend the licenses of any Alabama professionals;
> (8) they do not own or operate dental or medical clinics and do not examine or treat

dental or medical patients in Alabama or elsewhere. The Associations do not, and cannot, prescribe any pharmaceutical products, including any fluoride supplement products, in Alabama or elsewhere;

(9) they do not promulgate or issue any policies, procedures or positions focused on Alabama or Alabama dentists;

(10) No dentist, whether in Alabama or elsewhere, has ever been required to prescribe, recommend, or distribute any fluoride supplement product as a condition for membership in the Associations;

(11) they do not contract to supply services or goods in Alabama, and do not derive significant revenue from goods sold or services rendered in Alabama;

(12) they do not manufacture, package, sell, recommend, market, advertise, promote, distribute, or place into the stream of commerce any fluoride supplements; and

(13) they do not specifically direct business solicitation efforts at Alabama.

*See* Defendants' Briefs (Docs. #29 at 6-7, #32 at 2-3, #34 at 6).

The *Murphy* court also addressed this issue, stating:

The ADA does not have sufficient continuous and systematic contacts with Georgia to support a finding that the ADA is subject to general jurisdiction in this forum. The ADA is a voluntary association whose activities are centered around Chicago, Illinois. The ADA's contacts with Georgia are generally initiated by member citizens of Georgia. The ADA is not licenced [sic] to transact business in Georgia and does not have a designated agent for service of process in Georgia. It appears that the ADA has taken careful steps not to subject itself to the jurisdiction of foreign jurisdictions. The tri-partite dental association structure allows the ADA to avoid employing citizens of Georgia while deriving significant financial benefit from citizens of Georgia. Nevertheless, the contacts revealed by the record do not support a finding that the ADA is subject to general jurisdiction in Georgia.

*Murphy*, 270 F. Supp. 2d at 1379.

Again, this Court agrees with the reasoning and findings of the *Murphy* court. Thus, and for the same reasons stated in *Murphy*. This Court does not find that the Associations are subject to general jurisdiction in Alabama.

Because the Associations objected to the personal jurisdiction of this Court and

7

submitted credible evidence in support, the burden shifted to Plaintiff to produce evidence supporting jurisdiction. *United Technologies Corp.,* 556 F.3d at 1274. Plaintiff has failed to produce any evidence in support of personal jurisdiction over the Associations. Accordingly, the Court finds that it lacks jurisdiction over the Associations and finds that the Motions to Dismiss (Docs. #28, 31, & 33) are due to be granted and Plaintiff's Motion to Strike (Doc. #40) is due to be denied.[7]

### B.   *The Agencies*

The FDA and CDC claim, as agencies of the United States government, sovereign immunity from suit. *See Asociacion De Empleados Del Area Canalera (ASEDAC) v. Panama Canal Commission*, 453 F.3d 1309, 1315 (11th Cir. 2006) (explaining that the "United States' immunity from suit extends to its agencies"). Because sovereign immunity is jurisdictional, and there has been no waiver of immunity, the Agencies argue this Court lacks subject-matter jurisdiction to hear this case. The Agencies argue, in the alternative, that if this Court were to interpret Plaintiff's claims as a suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680, then this case is due to be dismissed for failure to exhaust administrative remedies. *See* 28 U.S.C. § 2675 (a).

Plaintiff replied to the Agencies' arguments in a Motion to Strike. (Doc. #41). First, Plaintiff appears to argue that she did in fact intend to sue the United States, although she admits that the United States was not actually named in the Complaint. Second, Plaintiff

---

[7] Because the Court finds it lacks jurisdiction over these Defendants, it need not address the other arguments for dismissal raised in Defendants' briefs.

8

states that the time for her to file an administrative claim pursuant to 28 U.S.C. § 2401(b) has not yet run. Finally, it appears Plaintiff requests that, should the Court deem is necessary for her to file an administrative claim prior to proceeding with this suit, the Court stay this action pending the resolution of her administrative claim. *See* (Doc. #40).

Plaintiff's claims against the agencies are barred pursuant to the doctrine of sovereign immunity. *Panama Canal Commission*, 453 F.3d at 1315. To the extent the Court construes this action as against the United States under the FTCA, it is due to be dismissed because either "[a] FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction," *id,* or because Plaintiff has failed to exhaust her administrative remedies. *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency.").

Further, because the exhaustion requirement is a prerequisite component to the Court obtaining subject-matter jurisdiction, the Court cannot hold Plaintiff's case in abeyance pending the resolution of a future administrative action. *See Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1202 n.5 (11th Cir. 2008) ("[J]jurisdiction under FTCA 'must exist at the time the complaint is filed,' and a court may not 'stay or hold in abeyance.'") (citing *Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir. 1981)).

Accordingly, the Agencies' Motion to Dismiss (Doc. #38) for lack of jurisdiction is due to be granted, and Plaintiff's Motion to Strike (Doc. #41) is due to be denied.

9

### III.     CONCLUSION

For the reasons discussed above, it is the RECOMMENDATION of the undersigned Magistrate Judge that the Motions to Dismiss (Docs. #28, 31, 33, & 38) be GRANTED; Plaintiff's Motions to Strike (Doc. #40 & 41) be DENIED; and that this case be DISMISSED.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before 22 June 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 9th day of June, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE